# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KHALIL BUCKLEY,**

**Petitioner,**

**v.** **Case No. 26-CV-1429**

**PAULA STOUDT,**

**Respondent.**

## ORDER

Khalil Buckley is incarcerated pursuant to a state court judgment. He seeks a writ of habeas corpus.

A jury found Buckley guilty on November 18, 2021. (ECF No. 1 at 1.) Following his sentencing on January 21, 2022 (ECF No. 1 at 1), he sought post-conviction relief and eventually appealed his conviction. The appeals process ended on June 16, 2026, when the Wisconsin Supreme Court denied his petition for review. (ECF No. 1 at 4.) Therefore, his conviction became final 90 days later when the deadline for him seeking review by the United States Supreme Court passed. 28 U.S.C. § 2244(d); Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Buckley's petition contains two claims for relief. He alleges that his trial counsel was ineffective for failing to: (1) tell him that the court could impose a sentence allowing for release on extended supervision; and (2) object to the prosecutor

allegedly commenting in his closing argument about Buckley's decision not to testify. (ECF No. 1 at 5-6.)

Buckley asks the court to stay the present proceedings and hold his petition in abeyance so that he can exhaust his remedies in state court regarding additional claims. (ECF No. 3.)

After Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA) and imposed a one-year statute of limitations for the filing of habeas petitions under 28 U.S.C. § 2254, the stay and abeyance procedure emerged as a means for courts to address petitions with unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). Without a stay and abeyance a petitioner who presents a petition with an unexhausted claim may not have enough time to initiate proceedings in state court and return to federal court if the state court should fail to grant him relief.

In fact, because the filing of a federal habeas petition does not stop the one-year clock, *Duncan v. Walker*, 533 U.S. 167, 172 (2001), the statute of limitations may run out before the issue of exhaustion is ever raised, either by the court in a screening order, *see* Rule 4 of the Rules Governing Section 2254 Cases, or by the respondent in an answer. In these instances, dismissing a petition for lack of exhaustion, even if done without prejudice, would forever bar the petitioner from later seeking federal habeas relief.

Thus, the stay and abeyance procedure exists to avoid these harsh consequences. But it is a procedure that "should be available only in limited

circumstances." *Rhines*, 544 U.S. at 277. The court may grant stay a case and hold a petition in abeyance only if the petitioner demonstrates good cause for his failure to exhaust his state court remedies and that the petitioner has at least one unexhausted claim that is not plainly meritless. *Id*.

But even then, a stay and abeyance is not necessary if sufficient time remains on the one-year clock for the petitioner to return to federal court after exhausting his state court remedies. Thus, in order to demonstrate that a stay and abeyance is appropriate, the petitioner must generally demonstrate that it would impractical (if not impossible) for him to timely return to federal court after exhausting his state court remedies.

The record before the court indicates that the one-year clock did not start to run until Buckley's conviction became final on September 17, 2026. That clock will stop for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending …." 28 U.S.C. § 2244(d)(2). Thus, Buckley has ample time to present any unexhausted claims in state court and then return to this court. Consequently, Buckley has failed to demonstrate a stay is necessary, and the court will deny his motion.

Buckley has the option of proceeding now with his unexhausted claims, in which case he will likely forever give up the opportunity to have a federal court consider his unexhausted claims. *See* 28 U.S.C. § 2254(b). Alternatively, Buckley may voluntarily dismiss his present petition, in which case he can later return to federal

court with all his claims (subject to the cumulative one-year statute of limitations) if he does not prevail on his unexhausted claims in state court.

**IT IS THEREFORE ORDERED** that Buckley's motion to stay this action and hold his petition in abeyance (ECF No. 3) is **denied**.

**IT IS FURTHER ORDERED** that within **21 days** of this order, Buckley shall inform the court if he wishes to proceed with his exhausted claims in his petition or if he wishes to voluntarily dismiss his petition. **If Buckley fails to timely respond, the court will dismiss his petition without prejudice**.

Dated at Green Bay, Wisconsin this 5th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge